And our fourth case this morning is United States v. Lennie Perry Good morning, Your Honor. May it please the court. Andrew Fink on behalf of Lennie Perry. Less than two questions into his cross-examination of the first witness. Proceeding pro se in this case, Mr. Perry realized he was in over his head. He couldn't get a single question out without an objection, and ultimately, in frustration, he asked for counsel to be appointed for him. Standby counsel, who the court had previously appointed because this was a complex case, because he required assistance with substantial matters in the case, and to assist in any way necessary at trial. After making that request, the government specifically requested to the court that it have a colloquy on the matter. They inquire into whether or not Mr. Perry's invocation of the Sixth Amendment was warranted here, a warranted appointment of counsel. The court denied that request and instead assumed that the request, framed the request as a request for continuance, and denied that as well. Let me ask you this. If the court had, instead of denying and finishing the conversation and moving back to the trial, had asked standby counsel if he were prepared to take over, and standby counsel had said yes, would the district court be within its discretion to deny the motion for counsel at that point? I think that is one of the crux of the error here, is that there was no inquiry, and so we don't know from the record whether or not a continuance was necessary. I think it's because there isn't in the record anything to support that, that we have abuse of discretion here. Without knowing how counsel would respond, I think the question could become more complex, so I wouldn't conceive that there would be no error, but as it stands, we don't even know whether or not there was a need for a continuance here. Because he never asked counsel, and because there were reasons to believe, there's every reason to believe, that counsel was prepared to go for it. Mr. Fink, is your argument here, because I'm hearing different things, that your client was deprived of a fair trial, or that he was deprived of his Sixth Amendment right to counsel? I believe that because he was deprived of his Sixth Amendment right to counsel, his trial was manifestly unfair. He wasn't able to articulate and enter into evidence. Granted, some of the things he was trying to enter into evidence, especially on that first day, would be considered harmless error. What about his statement the next day that he wanted to represent himself? Is it your position that a defendant throughout a trial, once the jury is in, and jeopardy has attached, that the defendant could go back and forth, while I want a standby counsel today, tomorrow, no, I want to continue to represent myself? I think there are two things there. Absolutely not. Our position is not that throughout trial, that you have this kind of get-out-of-trial-free card, and that you can just tap out and tag team. This court has made very clear that hyper-representation is disfavored. I think there are two things about the request the next day. One is that my understanding is that it actually doesn't come – what the government has framed a waiver the next day of Mr. Perry saying he wanted to go forward. My understanding is actually it's standby counsel who says that they spoke together, and that Mr. Perry wanted to proceed forward. At that point, I don't think it's technically something that standby counsel can do, because he's not representing Mr. Perry and can't speak on his behalf and can't actively waive that right for him. Second of all, that is just, again, why we're here. There should have been an inquiry. There should have been a Ferretta inquiry into whether or not that waiver was knowing and voluntary. It wasn't. You mentioned a waiver of counsel question. He had already waived his right to counsel previously. By my count, standby counsel was the sixth lawyer in the case. There comes a time, and we have many cases saying this, where those repetitive colloquies can cease, and the defendant can be forced to live with his choice. Absolutely, Your Honor. And this is one of those occasions when you get to number six. I think that the actual number, I agree, is there are quite a few, and that does weigh in. That's why this is kind of a tricky case. I think the thing that distinguishes it and why you can't just go based on X number of attorneys is that the court itself acknowledged that it had misapprehended his level of experience. I think it was on page 174 or 175. As soon as he makes the request in the trial transcript, as soon as he makes that request, Mr. Perry says, Well, I don't know how to get this evidence in. And the court responds, Well, I thought you understood this, and I'm sorry. That's a too late kind of comment. It's not the judge second-guessing his previous Coretta ruling. That's just reinforcing his previous warnings that this is a bad idea. You shouldn't be doing this, but you're doing it knowingly and voluntarily, not because you're going to do a good job, but because you're knowingly and voluntarily waiving your right to counsel and exercising your right of self-representation. And the court had been there before with him on three prior occasions. So, again, there comes a time when the additional layer upon layer upon layer of process is unnecessary, and the defendant can be forced to live with the choices that he previously made. I agree. And we simply argue that at this point, because of that, because of the government request for the call of plea and because of the court. That's irrelevant. What's important is the defendant's behavior here and whether the judge took a valid waiver the last time around to say nothing of the previous two times around, although ultimately he was given new counsel, there weren't rulings that he validly waived his right to counsel. It was the continuous failure to cooperate with counsel that led him to this point, and he was warned many, many times previously about that, and there was a thorough and valid Feretta hearing against the defendant's wishes the previous time when he was granted the right to exercise his right of self-representation with standby counsel, whom he didn't want and objected to. I think that's a very important point. I think all of those that you're going to make several important points. One, that the primary reason for his rejection of counsel previously was his inability to cooperate with them. That resulted in six different counties going through so many different counsels, and despite his protestations to the contrary, the court tried to use belt and suspenders and make sure there was counsel standing by because this was a complicated case, because he anticipated that there may be an issue once he went to trial. When he ultimately went to trial, he immediately realized the error. The reason why he was asking for new counsel wasn't because he wasn't able to cooperate with his current counsel. It was because he realized that he had no ability to proceed and no ability to represent himself and enter evidence and that he would not get a fair trial as a result. He had been warned of that through a perfectly appropriate colloquy, thorough. I think that's one of the issues here, is that the judge, I think, overestimated his ability to represent himself and his awareness of the rules of evidence because he had previously done so in state court before. There's no indication that prior state court hearing was in front of a jury, involved any rules of evidence. The court said it said as much and instead assumed that he was familiar with it. Are you saying that would be sufficient to reject his choice to represent himself? Well, I'm saying that this is what the court's Ferretta decision was based on, and the analysis requires the court to look into the prior experience of the defendant. He said he had represented himself successfully before. I understand. I think that the point is that the court took that to mean one thing, that he had a familiarity with the rules of evidence, and then it based its decision in part on that. And then the court, once Mr. Perry went to trial, acknowledging that it was kind of like a too-bad-so-sad moment, still acknowledged that there was this misapprehension as to his level of experience, and that directly affected his decision to request counsel. Mr. Fick, I'm not sure you answered Judge Jackson-Kumey's question about if a continuance had been required, a standby counsel said, I am not ready to proceed. I need more time. Would the district court have been within his discretion to say denied? Oh, I had actually asked. A standby counsel said he was ready to proceed. Okay, I have the flip of it. If he had said I am not ready to proceed, I need more time, would the court have been within its discretion to say denied, keep going? I think if the court had done an inquiry and made findings regarding the need for a continuance, then under Tolliver it would. Because Tolliver says, absent deliberate misrepresentation, the logistical planning and the fact that they actually, there was this. In Tolliver, the court looked for 29 different attorneys and was unable to find them. The court actually said we're going to continue looking for an attorney as we continue going through trial. That's just not the case here, and ultimately that is kind of the crux that there was no inquiry. Now your point about the judge misapprehending Perry's experience, I take you to not, you're not faulting the judge or claiming error there. Your point is that when we get to the middle of the trial and the judge says, you do not have an understanding, I'm sorry about that, I thought you did, you're saying that's the judge recognizing there is now a new issue that has cropped up, calling into question one of the foundations of the judge's Feretta findings. Am I following? I'm following you, and therefore that necessitated in that moment the inquiry you were asking us to say was proper, should have happened. Absolutely, Your Honor, and I would say in addition to that, I think that it would also inform the judge's, the reasons for the judge having appointed stand-by counsel in the first place. That's one of the reasons the judge really needed to ask stand-by counsel if they were prepared to proceed. This is one of the reasons that the judge had appointed counsel was if that understanding of Mr. Perry's acumen was flawed in some way, it turned out that it acknowledged that it was. Based on that, we believe that the judge should have performed an inquiry just so we at least know on the record whether or not this was due to, whether a continuance was necessary. And I think that's even, as one final point, at this point when the judge made this ruling, the court believed that it was going to proceed with another witness that day. It wasn't until after this ruling that the government rested because they couldn't bring a witness, and even then the judge didn't use that extra time to perform an inquiry. There was no need to even break up the trial that day. They could have had a call quickly and started the next morning without any delays to the trial. Thank you. Thank you. Mr. Kerwin. Good morning, and may it please the Court. Brian Kerwin for the United States. Your Honors, the district court did not abuse its discretion in denying defendant's mid-trial request for counsel on the grounds that it would cause delay. As Judge Sykes alluded to, defendant knowingly waived his right to counsel after five different lawyers were appointed to represent him, none of whom he would work with because they refused to try the case in the way that he wanted them to try it. Thereafter, he repeatedly objected to having standby counsel at all. He accused Mr. Ligutke on June 3rd when he was appointed of conspiring with the government, of having a conflict of interest. He repeatedly complained in written filings thereafter that standby counsel was being forced on him, and it was with that backdrop that when Mr. Ligutke was appointed, he specifically asked the district court to outline, quote, the parameters of his duties, noting that he had been appointed in other cases as standby counsel in front of Judge Leidenweber, and those duties can vary. The district court explained, I'm appointing you to assist in whatever way the defendant requests. But it was not all that surprising, given what counsel had said at the June 3rd hearing and the many lawyers he had cycled through before, that he'd never reached out at all. Picking up on that language from Judge Leidenweber, I'm appointing you to assist in whatever way Mr. Perry requests. How do we know at the moment Mr. Perry says, I can't do this, I need an attorney to take over what he's asking? How do we know if he's asking in that moment for a standby counsel to take over the cross-examination, for a standby counsel to take over and represent him for the remainder of the trial? How do we know whether he's asking for a continuance or not? What do we know in that moment? In that moment, Judge, we know everything I just described and we know what occurred that morning on October 28th. When the parties came to select a jury, Mr. Ligucki made clear that the defendant had never reached out to him to conduct any significant legal work and that the only actions he had taken in the case to that point were ministerial, namely serving trial subpoenas at the request of the district court. I'm asking you, what do we know about what Mr. Perry is asking in that moment? Well, we know what words he used, and he said, I want standby counsel to represent me. I have a Sixth Amendment right. I want him to try to get my evidence in. I think the most common sense understanding of that is that he wants him to stand up and be appointed to take over. And let me ask you this. What do you see as the harm of the judge asking those questions? I note that the government did, to its credit, say, pause, pause, judge, we need a pause here. Let's talk at sidebar. So I think out of an abundance of caution, the line assistant asked, can we have a colloquy? And I think he used the words to determine if he wants counsel to represent him going forward. So asking the same kind of question I'm asking here. The same kind of question we just asked, exactly. Does he want him to come in for a period of time or for the entirety of the case? I think regardless, Judge Leinenweber was not clearly erroneous. In fact, he was dead on that whether he was coming in for a portion or for the duration would require a delay. And that's because, as he found in or explained in his post-trial ruling, the standby counsel was not up to speed on the complex issues of this case. And it was not fair to ask him to come in and conduct 13 cross-examinations and put on a defense case that would satisfy the defendant. And so whether he was asking him to come in at that moment and take on this massive burden that he'd explained in the morning he was not prepared to do, or asking him to come in as essentially co-counsel in violation of the rules against hybrid representation, a delay would be virtually guaranteed. Is there a mismatch here in some of the messaging about standby counsel? Because early in the case, Judge appoints standby counsel and instructs standby counsel to be familiar with the case and the facts and so forth and so on. So standby counsel has to be familiar. And so then we get to the moment where Mr. Perry realizes he's in over his head and then asks for counsel to step in. How is Mr. Perry to know? Separate and apart from what he had asked him before to do. I acknowledge what you're saying. He didn't ask him to do very much in preparation for trial. But judged against the earlier thing that standby counsel is supposed to come and be familiar. Is there a mismatch there for any defendant, not just Mr. Perry? Well, in this particular case or a case like it, I don't think it so much matters as what Mr. Perry thinks he can do in terms of tagging counsel in or tagging back himself, having him come in for a portion of a witness or at a moment's notice to take on this complex case. What matters is whether the district court is in a position to properly assess whether having him tag in at all is going to cause delay. And in a case where there's seven victims of sex trafficking who are there to present testimony about the trauma that they lived through, in a case where the government has repeatedly asked to go to trial to vindicate their rights, and in this heightened setting that we were in in October of 2021 where three courtrooms are being used to conduct a trial, I believe this was a time when only one trial could occur at a time, the district court has discretion to keep the case moving along. He's in the best position and in a perfectly reasonable position to determine what logistical hurdles he's going to be injecting in that moment in time if he takes up Mr. Perry's request, whether that's a temporary or a permanent one. I'm not sure why the need for continuance or not, and the subject of delay is dispositive anyway, under these facts. This is, again, the sixth lawyer. A perfectly appropriate, complete, thorough, thorough hearing waiver of counsel. Lots of bad behavior by the defendant with respect to his previous five lawyers. Why isn't the line of cases that hold that at a certain juncture, this being one of them, where a valid waiver of counsel is taken and the defendant elects to proceed with self-representation, as is his right, he needs to be held to that choice, regardless of whether there would be a delay or not, or whether standby counsel could easily step in or not easily step in. It's just the end of the line. I take your point, Judge Sykes, and I agree with you, and I think your question speaks to the many permutations that this sort of wavering between counsel and going pro se can take on. The case law, though, is clear that once the trial begins, we're in a different world than we would be in perhaps a month earlier. Regardless of when the trial counsel is faced with this decision, it is reviewed for an abuse of discretion, which means that the decision that the court makes needs to be reasoned and not arbitrary. And so, I mean, there may be circumstances two months before trial where there is time and defense counsel is ready or could get ready where that might be unreasoned or arbitrary. Why is it unreasoned or arbitrary to say no more lawyers? You've validly waived your right to counsel. We've given you five different lawyers. There won't be a sixth. There's nothing arbitrary or unreasonable or unreasonable about that. On these facts, you're absolutely right. He cycled for three years through five different lawyers. Judge Linen-Weber was extraordinarily patient with him and I would say generous in allowing him to go back and forth. Because the constitutional question depends on whether the Feretta waiver was valid. And he knowingly waived his right. Right, and there's no challenge to the adequacy of that waiver colloquy. Correct. So I don't know what more we need. Correct. You're not hearing disagreement from me, Judge. But this case can also be decided probably on the simpler grounds that he was not wrong to conclude that a continuance would be required to substitute counsel in during the first witness of a complex case that he had presided over for three years. If we focus on the continuance question, what standard should we adopt or apply in determining when a court needs to conduct an inquiry? If I'm following you, Judge Senior, you've… So there was no inquiry here. What should the standard be that when a district court judge must conduct or should conduct an inquiry into a defendant's basis for saying, I want standby counsel and whether or not standby counsel is ready to step in? Well, I think that is a factual finding that's reviewed for clear error. So when Judge Linen-Weber says, this is going to necessitate a continuance based on the three-year history of this case, if that's not clearly wrong, there's no need for a colloquy at all. If it's a situation where he can't reasonably draw that conclusion because there's just an absence of facts and data from which to make it, that might be a situation where a colloquy is necessary to gather more information. So as long as the court can reasonably draw the conclusion based on the record, an inquiry isn't needed? That's my view, and that's what the Third Circuit said in the Levito case. I think the Third Circuit was a little bit stronger than that. They said clearly apparent from the record. Clearly? Okay. Well, nevertheless, in that case, it was virtually the same situation. I think it was actually the morning of jury selection. The jury had not been in panel. Standby counsel had been on the case for a year, and the court said, I can determine based on my vantage point that this is going to require more time. Here you've got an even more extreme situation where not only are we in the middle of the first witness, but standby counsel has said that morning that he's done no significant legal work in the case. That was literally, I think, six hours before this issue came before the judge. And so that is a finding that should be reviewed for clear error. It was not clearly erroneous. He had ample reason to draw that conclusion. And to Judge Sykes' point, I think at that point, he's vested with the utmost discretion to keep the trial moving and hold him to his knowing and voluntary waiver that he's twice made. So unless the court has any other questions, I'll ask that you affirm the judgment and sentence of the district court. Thank you. I want to touch on two points that the government raised. First, regarding this suggestion that Mr. Lucchetti's function up until this point has been purely ministerial, simply because he hasn't performed any substantive legal work for Mr. Perry or hadn't reported that doesn't mean he's not capable of doing it. In fact, that's one of the chief things that the government cites to as evidence or any kind of evidence in the record that he wasn't prepared. The court advised counsel to be familiar with the facts of the case so he could assist with any kind of substantial legal work, including anything that the defendant might request both before and at trial. And the court did not inquire as to whether or not the counsel had followed that direction and indeed could perform those functions. What's the source of your argument, the legal source of your argument, that an inquiry or colloquy was necessary? Well, that rule doesn't exist in our circuit. As in the Levado case, the Third Circuit actually does have that rule. So you're asking us to create such a rule under the authority of what law? I disagree. I don't think that we're necessarily asking for a blanket rule that any kind of post-waiver withdrawal of the right of that waiver requires an inquiry into it. It's just that the circumstances of this case required an inquiry, specifically since the reasons why the court gave that they couldn't do an inquiry, there simply isn't any evidence in the record. But you still have to have a legal basis for the rule that you're suggesting that we apply in this case, which is that under the circumstances here, the Sixth Amendment and or the Due Process Clause. Pick your source. A constitutional source required a colloquy. I think it would be the Due Process Clause. I think that at the very least. And is there any Supreme Court case? I think it's just the general proposition that in order for the court not to abuse its discretion, in order to exercise its discretion in a reasoned way, there actually has to be a reasonable basis for that finding. Here there was no reasonable basis for that factual finding because it did not conduct an inquiry into whether counsel required it. So this is not a Sixth Amendment case. This is a due process case. No, I'm just saying that the rule for the specific question is to whether or not what is required for this inquiry and what compels an inquiry in this case. It is a due process issue because the court can't make that finding based on it, but it's one that is based on or flows from this Sixth Amendment right. But you're not arguing that there was a Sixth Amendment violation in this case? To Judge St. Eve's very first question. No, we are arguing that. It's just as if you had a Fourth Amendment. Is there any case that holds that there's a Sixth Amendment right or a Sixth Amendment duty, the judge has a duty under these circumstances to conduct a colloquy? No, but I don't. Another Ferretta inquiry, in other words. Another reverse Ferretta, I guess, is what it would be in this situation, to unwind the waiver. This is a request that he's making to unwind his previous waiver, his Sixth Amendment right to counsel. Is there any case that says there's a Sixth Amendment duty on the part of the court to conduct that kind of an inquiry? I don't believe that there's any case in the Seventh Circuit that requires that based on these circumstances. Is there a case still holding anywhere? Yeah, in the Third Circuit. As a matter of Sixth Amendment law or due process law? I don't know off the top of my head whether the rule in this. That's important. My understanding is that it's the Sixth Amendment. That's my understanding, but I don't know off the top of my head, Your Honor. I believe that's because it's couched in these terms, that there's this ongoing. Just because you waive it doesn't mean that you completely give up. The Sixth Amendment never applies again. Well, that's the nature of a waiver. Right. And it kind of does. But there are circumstances which I think my understanding, at least, is that I think the way that the rule is couched in the Third Circuit because it is the failure to make an inquiry into the defendant's request to withdraw that waiver, that there is a due process concern, but it's also that their Sixth Amendment rights, once waived, are not waived forever. They cannot be clawed back under certain circumstances, or they cannot be at least reasserted under certain circumstances. You have a Sixth Amendment right. Attempting to reassert that requires an inquiry as to whether that assertion has been waived such that the court can ignore it and reassert that waiver and trust the waiver was known involuntary and that this attempt to withdraw it is invalid. That wasn't the case here. Thank you. Thanks to both counsel. The case is taken under advisement.